# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 19-1550V**
UNPUBLISHED

|  |  |
|---|---|
| H.F., | Chief Special Master Corcoran |
| Petitioner, | Filed: August 26, 2021 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Ruling on Entitlement; Concession; Table Injury; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |
| Respondent. | |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.*

*Mollie Danielle Gorney, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On October 4, 2019, H.F. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA"), which meets the Table definition for SIRVA, or, in the alternative, was caused by the influenza vaccine he received on October 13, 2016. Petition at 1, ¶¶ 1-3. Petitioner further alleges that he received the vaccine in the United States and that neither he nor any other party has filed a civil action or received compensation for his SIRVA.[3] Petition

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] Petitioner did not address the Vaccine Act's six-month severity requirements, but indicated, in the Petition, that additional documents and affidavits would be filed. Petition at ¶ 7. A cursory Petition was filed in this case shortly before the expiration of the Vaccine Act's statute of limitations. *See* Section 16(a)(2).

at ¶¶ 5-6. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 26, 2021, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent indicates that he believes "[P]etitioner has satisfied the criteria set forth in the revised Vaccine Injury Table and the Qualifications and Aids to Interpretation." *Id.* at 9. Respondent further agrees that "based on the case record as it now stands, [P]etitioner has satisfied all legal prerequisites for compensation under the Act." *Id.* at 10.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master